8 F.3d 822
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Clive WALCOTT, a/k/a Buffy and Oral Wescott, Defendant-Appellant.
 No. 93-5059.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: September 27, 1993.
Decided: October 15, 1993.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. J. Frederick Motz, District Judge. (CR-91-273-JFM)
 Robert T. Durkin, Jr., Baltimore, Maryland, for Appellant.
 Gary P. Jordan, United States Attorney, Christine Manuelian, Assistant United States Attorney, Baltimore, Maryland, for Appellee.
 D.Md.
 AFFIRMED.
 Before RUSSELL and MURNAGHAN, Circuit Judges, and CHAPMAN, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Clive Walcott appeals from a district court judgment entered pursuant to a jury verdict finding him guilty of various drug and firearm charges. The only issue on appeal is whether the district court properly denied Walcott's motion to suppress a statement he made to law enforcement officers shortly after he was informed of his constitutional rights in accordance with Miranda v. Arizona, 384 U.S. 436 (1966). While the ultimate waiver conclusion is one of federal law, see Brewer v. Williams, 430 U.S. 387, 397 n.4 & 403-04 (1977), factual findings made by the district court are entitled to review under the clearly erroneous standard. United States v. Gordon, 895 F.2d 932 (4th Cir. 1990).
 
 
 2
 There is no dispute on appeal that, before making the allegedly incriminating statement, Walcott received proper Miranda warnings, and told officers that he understood his Miranda rights. Walcott's counsel argues on appeal, however, that the "likely basis" for Walcott's statement that he understood his rights was that at the time he was lying face down in wet grass with his hands cuffed behind him and believed officers would only permit him to get up if he said he understood his rights. We find, however, that under the totality of the circumstances the district court properly found insufficient basis to conclude that Walcott's waiver of his right to remain silent was not knowing, voluntary, and intelligent. See Moran v. Burbine, 475 U.S. 412 (1986); Miranda, 384 U.S. at 475.
 
 
 3
 Walcott does not contend that he lacked the intelligence to understand his rights, and his status as a convicted felon indicates that he was familiar with the criminal justice system. Moreover, briefly lying in wet grass while handcuffed does not indicate the existence of serious physical discomfort or coercive police action which would objectively lend credibility to Walcott's claim that he did not mean it when he said he understood his rights. Accordingly, the judgment of the district court is
 
 AFFIRMED